NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND JAMES AND ASSOCIATES, INC., <br><br> Petitioner-Appellee, <br><br> v. <br><br> TERRAN ORBITAL CORPORATION, <br><br> Respondent-Appellant. | No.   20-55130 <br><br> D.C. No. 8:19-cv-01916-DOC-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 2, 2021**
Pasadena, California

Before:  GRABER, HIGGINSON,*** and MILLER, Circuit Judges.

Terran Orbital Corporation appeals from the district court's order denying its

motion to vacate and confirming an arbitration award in favor of Raymond James

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

& Associates, Inc. (RJA). We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D). We affirm.

1. The representation of RJA by the former law firm of one of the arbitrators does not establish "evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2). The arbitrator left his former law firm five years before the arbitration panel was selected, and there is no evidence that he ever personally represented RJA or that he had any interest in the firm at the time of the arbitration. Under the circumstances, the relationship between RJA and the arbitrator's former firm does not give rise to a "reasonable impression of partiality." *Schmitz v. Zilveti*, 20 F.3d 1043, 1047 (9th Cir. 1994). Instead, the connection is "long past, attenuated, or insubstantial." *In re Sussex*, 781 F.3d 1065, 1074 (9th Cir. 2015) (quoting *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007)).

2. In any event, the arbitrator did not have actual or constructive knowledge of the alleged conflict. The existence of a duty to investigate may establish constructive knowledge. *Schmitz*, 20 F.3d at 1048–49. But the Federal Arbitration Act does not impose a duty on arbitrators to investigate whether a former law firm represented one of the parties in an unrelated matter in which the arbitrator was not involved. *See New Regency*, 501 F.3d at 1109 (duty to investigate arises "where an arbitrator has reason to believe that a nontrivial

2

conflict of interest might exist" (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 138 (2d Cir. 2007))).

Nor do the rules of the American Arbitration Association impose such a duty. *See New Regency*, 501 F.3d at 1106 (independent duty to investigate may be created by "the code of the arbitral body"). Canon II of The Code of Ethics for Arbitrators in Commercial Disputes provides that a duty to "ascertain[] by reasonable efforts" information regarding potential conflicts extends to "relationships involving . . . *current* employers, partners, or professional or business associates," not past ones (emphasis added). We will not read the rules to eliminate that express limitation. *See Liteky v. United States*, 510 U.S. 540, 552–53 (1994).

**AFFIRMED.**